No. 22-0611

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**UNITED STATES OF AMERICA,**

*Appellee,*

v.

Henry Floy, AKA Mills, Shakale Brantley, AKA Charlie Wilson, AKA Kellz, AKA Man Man, Antointe Sistrunk, Ta'ron Pharr, AKA 250, Jaylen Wilson, AKA Jay-Dot, Amire Newsome, AKA Mire, Ziare Dedrick, AKA Zi, AKA Zi Hb, Joshua Gilbert, AKA Lor Heavy, Jauwan Edward AKA yaya, Jahaz Langston, AKA Haz, Lorenzo Carter, AKA Zo, Jamar Traylor, AKA Jamar Terell Traylor, AKA J Hop, Luis Garcia, AKA Ebk Lou, Michael Lockhart, AKA Mikey Rtn.

*Defendants,*

**TYIESE WARREN, AKA Loose Screw, AKA LS KG**

*Appellant.*

Appeal From The United States District Court
For The **District Of** Connecticut

## BRIEF OF APPELLANT TYIESE WARREN

Sefton N Brown
1187 Broad Street
Bridgeport, CT 06604
Phone: (203) 870-4106
Fax: (203) 332-0578

*Attorneys for Appellant*
SEFTON N BROWN

# Table of Contents

|  | Page(s) |
|---|---|
| Table of Authorities | iii |
| STATEMENT OF JURISDICTION | 3 |
| ISSUES PRESENTED FOR REVIEW | 4 |
| STATEMENT OF THE CASE | 4 |
| STATEMENT OF FACTS | 5 |
| CONCLUSION | 6 |
| REQUEST FOR ORAL ARGUMENT | 6 |
| CERTIFICATE OF COMPLIANCE | 7 |
| CERTIFICATE OF SERVICE | 8 |

**Statutes**

18 U.S.C. § 1963..................................................................

18 U.S.C. § 952....................................................................

**Rules**

Fed. R. Evid. 401..................................................................

Fed. R. Crim. P. 6(e)(1).........................................................

**Constitutional Provisions**

U.S. Const., 6ᵀᴴ Amendment........................................ *passim*

## STATEMENT OF JURISDICTION

This appeal arises from a pending criminal case, over which the district court has jurisdiction pursuant to 18 U.S.C. § 3231. The defendant, Tyiese Warren, entered into a plea agreement with the government to resolve his criminal liability in the District of Connecticut. Mr. Warren plead guilty to one count of 18 U.S.C. § 1962 (d) then proceeded to sentencing, that sentence was for 40 years and due to the excessive years compared to his Co-defendants who received relatively smaller sentences compared to his sentence. Mr Warren exercised his right to appeal that sentence given it's severity.

## ISSUES PRESENTED FOR REVIEW

1. Whether the district court erred in imposing such a severe sentence relative to other defendants who were similarly situated.

2. Whether the district court erred in not giving Mr. Warren a Three point reduction for acceptance of responsibility due to evidence and testimony presented at sentencing for an undisposed incident that occurred while in pretrial detention.

## STATEMENT OF THE CASE

Tyiese Warren was arrested on a Hobbs act Robbery Criminal Complaint and was held since September of 2020 he was later indicted by a grand Jury on a R.I.C.O count which he subsequently agreed to plead to.

Following his indictment, Mr Warren was set down for trial Mr Warren elected to Plead guilty and save the Government resources by not forcing them to trial unnecessarily and thus accepting responsibility for his role in these acts.

However, at sentencing Mr. Warren was confronted with testimony from an official at the facility he was being held at alleging he assaulted another inmate at that facility, despite the fact the matter was still not fully adjudicated the Government used the officials testimony to request a denial of Mr. Warrens three point reduction for acceptance of responsibility.

Despite counsel's best efforts to pint out to the court that there were still some questions as to what Mr Warrens role was in this incident he was denied the additional point for acceptance of responsibility.

## STATEMENT OF FACTS

Mr. Warren was one of several individuals listed in a multiple co defendant R.I.C.O indictment where several individuals agreed to plead guilty and resolve their cases short of trial many of the sentences for other members of the Conspiracy were significantly shorter despite having more significant roles in the Conspiracy.

Mr. Warren was 19 at the time these incidents occurred and not fully appreciative of the gravity of what he was engaged in sentencing an individual who was essentially a teenager to a sentence of 40 years is excessive and unwarranted. Mr. Warren was not a serial killer and should have been given a sentence that would allow him to learn his lesson. The Co-defendants were afforded this consideration and should not be given disparate sentences for similar conduct.

## CONCLUSION

For the reasons set forth above, Tyiese Warren respectfully submits that the district court's Sentence should be reversed, and that a lesser sentence consistent with his co defendants be imposed.

## REQUEST FOR ORAL RGUMENT

Tyiese Warren respectfully requests that this Court hear oral argument in this case. This appeal raises serious Constitutional issues regarding the application of sentencing disparities and denial of point deduction for acceptance of responsibility

Respectfully submitted,
/s/ Sefton N Brown
-------------------------------------

Sefton N Brown
1187 Broad Street
Bridgeport, CT 06604
Phone: (203) 870-4106
Fax: (203) 332-0578

*Attorneys for Appellant*

SEFTON N BROWN

# CERTIFICATE OF COMPLIANCE

In accordance with Rules 32(a)(7)(B) and (C) of the Federal Rules of Appellate Procedure, the undersigned counsel for appellant certifies that the accompanying brief is printed in 14 point typeface, with serifs, and, including footnotes, contains no more than 14,000 words. According to the word-processing system used to prepare the brief, Microsoft Word, it contains 761 words.

/s/ Sefton N Brown
_____
Sefton N Brown