22-611
United States of America v. Floy (Warren)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

United States of America,

*Appellee*,

v.   No. 22-611

Tyiese Warren, AKA Loose Screw, AKA LS KG,

*Defendant – Appellant.*\*

---

**FOR DEFENDANT-APPELLANT:**   SEFTON N. BROWN, JR., Bridgeport, CT.

**FOR APPELLEE:**   KAREN L. PECK (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut.

---

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Tyiese Warren appeals from a judgment entered by the district court after he pleaded guilty to a racketeering conspiracy. Warren was sentenced principally to a below-Guidelines sentence of 480-months' imprisonment, which he argues is not procedurally or substantively reasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision to affirm the judgment.

I. **Procedural Reasonableness**

We reject Warren's first contention that the district court procedurally erred by refusing to decrease Warren's offense level by three levels, instead of two, for his acceptance of responsibility.[1] The court found that Warren was not entitled to an additional decrease because the government had proven, by a preponderance of the evidence, that Warren had not terminated or withdrawn from criminal conduct or association following his guilty plea. The court did not clearly err in making its findings of fact as to Warren's post-plea conduct, and the court's reliance on those findings to deny Warren an additional point of credit was proper.

We review the procedural reasonableness of a sentence under a "deferential abuse-of-discretion" standard. *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam). Accordingly, we review the court's factual findings for clear error, "bearing in mind that the

---

[1] Warren received a two-level downward adjustment for acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1(a), which is not at issue on appeal. Warren challenges the court's denial of an additional adjustment under Sentencing Guideline § 3E1.1(*b*), which would have decreased his offense level by one more level.

2

standard of proof at sentencing is a preponderance of the evidence." *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004). A district court may procedurally err by "improperly calculating[] the Guidelines range, . . . [or] selecting a sentence based on clearly erroneous facts." *United States v. Savoca*, 596 F.3d 154, 158 (2d Cir. 2010). Under Sentencing Guideline § 3E1.1, courts may decrease a defendant's offense level by two levels if he "clearly demonstrates acceptance of responsibility for his offense," and in certain cases, apply a third downward adjustment for early acceptance. "The sentencing court's evaluation of [a] defendant's acceptance [of responsibility] is entitled to great deference . . . ." *United States v. Cox*, 299 F.3d 143, 148 (2d Cir. 2002); *see* U.S.S.G. § 3E1.1 cmt. n.5.

The record amply supports the court's finding that Warren's post-plea criminal conduct and associations were proven by a preponderance of the evidence. At sentencing, the government presented testimony by an officer from Warren's detention center who observed Warren and two of his co-defendants assault another detainee, and the officer's recollection of the assault was unchallenged. Thus, the court's decision to credit his testimony was not clearly erroneous. *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) ("Factual findings based on the testimony and observation of witnesses are entitled to particular deference, since assessing the credibility of witnesses is distinctly the province of the district court." (internal quotation marks and citations omitted)).

Likewise, the court did not abuse its discretion by considering the assault and declining to apply another downward adjustment. While Warren's guilty plea is "significant evidence" of acceptance of responsibility, it does "not entitle [him] to an adjustment . . . as a matter of right." U.S.S.G. § 3E1.1, cmt. n.3. As an initial matter, Warren's plea agreement required him to voluntarily terminate or withdraw from criminal conduct or associations to receive the additional

3

adjustment, and the court did not clearly err in finding that he had violated that condition. Consideration of the assault was also proper under the Sentencing Guidelines' instructions. *United States v. Strange*, 65 F.4th 86, 92 (2d Cir. 2023) (explaining that the Guidelines direct courts to consider "factors such as the defendant's 'voluntary termination or withdrawal from criminal conduct or associations'" (quoting U.S.S.G. § 3E1.1, cmt. n.1(b))). The Guidelines also provide that the significance of a defendant's decision to plead guilty may be outweighed by conduct that is inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1, cmt. n.3; *see also United States v. Chu*, 714 F.3d 742, 747–48 (2d Cir. 2013) (per curiam) (holding that defendant's post-plea, pre-sentencing conduct in attempting or successfully committing a crime is "inconsistent with accepting responsibility" and "can serve as a sufficient basis . . . to deny a sentence reduction for acceptance of responsibility"). There is no question that Warren's involvement in the assault was inconsistent with his acceptance of responsibility for the numerous violent acts described in the plea agreement.

Thus, we conclude that the district court did not procedurally err in concluding that Warren was not entitled to an additional downward adjustment for acceptance of responsibility.

II. **Substantive Reasonableness**

Warren's claim that his sentence is substantively unreasonable also fails.

Warren ultimately argues that the district court failed to give sufficient weight to Warren's age at the time of his offenses and that failure resulted in a sentencing disparity between Warren and his co-defendants. We are not persuaded. Based on our review of the record, we cannot conclude that Warren's sentence of 480-months' imprisonment, which was well below the Guidelines range and the sentence requested by the government, was so "shockingly high" and

4

substantively unreasonable as to warrant reversal. *United States v. Solis*, 18 F.4th 395, 401, 405 (2d Cir. 2021).

As with our review for procedural reasonableness, we apply an abuse-of-discretion standard for substantive reasonableness. *Yilmaz*, 910 F.3d at 688. When considering a sentence's substantive reasonableness, we are particularly deferential in our review and "will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)). Our precedent is clear that the weight assigned to certain mitigating and aggravating factors "is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) (alteration and internal quotation marks omitted); *see also United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) ("[W]e do not consider what weight we would ourselves have given a particular factor.").

We find no abuse of discretion here. In considering the § 3553(a) factors, the court agreed that Warren's age was a mitigating factor, as was his intelligence and family support. Nonetheless, it reasonably concluded that, on balance, the significant aggravating factors in this case justified the sentence imposed. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C). The sentence accounted for the "senseless violence" and trauma inflicted by Warren and the court's view that Warren's admitted participation in the killing of a young individual, the attempted killing of another four, and repeated carjackings and robberies, in addition to the detention facility assault, outweighed the mitigating effect of Warren's youth at the time of the offenses. Although Warren has alleged unwarranted sentencing disparities in comparison to his co-defendants, there is no evidence—

either submitted in his brief or elsewhere in the record—suggesting that a disparity exists. To the extent such disparities are legally cognizable, Warren has not demonstrated any. Given the court's careful analysis, its imposition of a below-Guidelines sentence falls squarely "within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks and citation omitted), and therefore is not substantively unreasonable.

* * *

We have considered all of Warren's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 10, 2022 judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6